UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VICK,

    Plaintiff,

v.                                             Case No. 8:23-cv-1826-WFJ-UAM

HERNANDO COUNTY DETENTION
CENTER, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Robert Vick's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Vick has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Vick sues the Hernando County Detention Center and the "Hernando County Detention Center Medical Department." (Doc. 1 at 1). He alleges that in May 2023, he injured his right shoulder. (*Id.* at 5-6). Although he received an X-ray, "nothing else [was] done." (*Id.* at 6). Mr. Vick then injured his left leg, head, and neck, but he received "little to no medical treatment." (*Id.*) He requested an MRI for "both [his] arm and leg," but was "instructed that [he] would not receive one." (*Id.*) Finally, on May 15, 2023, he was neither taken to the hospital nor "examined properly" after "hit[ting] his head and being knocked

out." (*Id.*) Mr. Vick seeks compensatory damages, "MRIs for all . . . injuries," and "proper medical attention by a doctor in a hospital." (*Id.*)

Mr. Vick's complaint is deficient. To state a viable § 1983 claim, the named defendants must be "subject to suit or liability." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Neither the Hernando County Detention Center nor the "Hernando County Detention Center Medical Department" is an entity subject to suit under § 1983. *See, e.g.*, *Murphy v. Turpin*, 159 F. App'x 945, 949 n.4 (11th Cir. 2005) (noting that a prison "medical unit cannot be sued under § 1983, because it is not a person" within the meaning of the statute); *Mitchell v. Dep't of Corr.*, No. 3:19-cv-1328-MMH-MCR, 2019 WL 6340953, at *2 (M.D. Fla. Nov. 27, 2019) ("A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983."); *Grant v. Chatham Cnty. Jail*, No. 4:07-cv-185, 2008 WL 516702, at *2 (S.D. Ga. Feb. 25, 2008) ("The jail's medical staff is not an entity subject to suit under § 1983."). Because the sole named defendants in this action cannot be sued under § 1983, the complaint must be dismissed without prejudice.

If Mr. Vick chooses to file an amended complaint, he should keep in mind the following legal standards, which govern prisoners' claims alleging inadequate medical care. To state such a claim, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert v. Lee County*, 510 F.3d 1312,

1326 (11th Cir. 2007). To establish deliberate indifference, a plaintiff must show that "the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis omitted). Finally, "as with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct."[1] *Goebert*, 510 F.3d at 1326.

Accordingly, it is **ORDERED** that:

1. Mr. Vick's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Vick wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Vick should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Vick's claims that he wishes to pursue and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

---

[1] Following the filing of his complaint, Mr. Vick submitted a letter to the Court that contains additional information about the medical treatment he has received at the Hernando County Detention Center. (Doc. 4). "The federal rules do not authorize litigants to submit their pleadings in a piecemeal fashion . . . ; in fact, they contemplate the use of only one complaint per litigant." *Aufderhaar v. Warder*, No. 8:21-cv-419-MSS-CPT, 2021 WL 7448081, at *4 (M.D. Fla. Nov. 3, 2021), *adopted by* 2021 WL 7448085 (M.D. Fla. Nov. 30, 2021). If Mr. Vick chooses to amend, he must include all relevant allegations in a single complaint.

2. If Mr. Vick fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Vick must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Vick a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on September 8, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE