UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VICK,

    Plaintiff,

v.                                           Case No. 8:23-cv-1826-WFJ-UAM

K. DEKANY, *et al.*,

    Defendants.
_____/

## ORDER

    THIS CAUSE comes before the Court on *pro se* Plaintiff Robert Vick's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 6). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Vick has failed to state a viable § 1983 claim, he will be required to file a second amended complaint if he wishes to proceed with this action.

    Mr. Vick, a pretrial detainee at the Hernando County Detention Center, sues Director of Medical Services K. DeKany, Assistant Director of Medical Services S. Bishop, Dr. McPhee, J. Savoy, and Major S. Klucznik. (Doc. 6 at 2-5). He alleges that in May and June 2023, he injured his shoulders, left leg, and neck. (*Id.* at 7). Unidentified "deputies" and "medical staff" were made aware of the injuries. (*Id.* at 15). Dr. McPhee evaluated Mr. Vick and performed an X-ray, but he otherwise "did . . . absolutely no exam on [Mr. Vick's] person," thus "fail[ing] in his capacity to provide proper medical treatment." (*Id.*) Furthermore, Mr. Vick has been "trying to receive proper medical

treatment" since May 2023, but medical staff have "treated [him] with deliberate indifference." (*Id.* at 15-17).

The amended complaint is deficient. First, Mr. Vick sues each defendant in his official capacity only. (*Id.* at 2-4). An official-capacity claim is a claim against the entity of which the named defendant is an agent—in this case, Hernando County. *See Owens v. Fulton Cty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). The Supreme Court severely restricts municipality liability under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). For a municipality to be held liable, it must actually be responsible for the unconstitutional acts, not simply under a theory of *respondeat superior*. *See Marsh v. Butler Cty.*, 268 F. 3d 1014, 1027 (11th Cir. 2001).

To state a claim against a municipality, the actions of the municipality must rise to the level of a custom or official policy, or the municipality must tacitly authorize the actions or display deliberate indifference to alleged misconduct. *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Mr. Vick fails to allege that a custom or policy caused the alleged constitutional violations. Nor does he plead that Hernando County tacitly authorized or was deliberately indifferent to the alleged misconduct.

Second, Mr. Vick names K. DeKany, S. Bishop, J. Savoy, and Major S. Klucznik as defendants, but he alleges no facts about their role in the alleged denial of proper medical treatment. Thus, even if Mr. Vick had sued these defendants in their individual capacities, the claims against them would be deficient. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must

demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980))).

Accordingly, it is **ORDERED** that:

1. Mr. Vick's amended complaint (Doc. 6) is **DISMISSED WITHOUT PREJUDICE**.

   a. If Mr. Vick wishes to amend, he shall file a second amended complaint within **THIRTY DAYS** of the date of this order.

   b. To amend, Mr. Vick should complete a new civil rights complaint form, titling it "Second Amended Complaint." The second amended complaint must include all of Mr. Vick's claims that he wishes to pursue and may not refer back to, or incorporate, the amended complaint. The second amended complaint shall supersede the amended complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c. The second amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Vick fails to file a second amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the amended complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when

the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Vick must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Vick a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on October 4, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE