UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VICK,

    Plaintiff,

v.                                                  Case No. 8:23-cv-1826-WFJ-UAM

K. DEKANY, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Robert Vick's second amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 8). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Vick has failed to state a viable § 1983 claim, he will be required to file a third amended complaint if he wishes to proceed with this action.

Mr. Vick, a pretrial detainee at the Hernando County Detention Center, sues Director of Medical Services K. DeKany, Assistant Director of Medical Services S. Bishop, Dr. McPhee, Registered Nurse Manager J. Savoy, and Major S. Klucznik. (Doc. 8 at 2-5). He alleges that in May and June 2023, he injured his neck, shoulders, right elbow, and left leg. (*Id.* at 7, 15; *see also* Doc. 10 at 1-7). On June 11, 2023, a nurse saw Mr. Vick, told him that he "would be put on the list [to] be seen by" a doctor, and instructed him to "do some stretching that may help [his] left leg." (Doc. 8 at 14-15). Mr. Vick also received ibuprofen for his injuries. (*Id.* at 17). During the first week of July 2023, Dr. McPhee evaluated Mr. Vick and ordered X-rays. (*Id.* at 15). Following this visit, Mr. Vick filed a grievance, claiming that he needed MRIs, not X-rays. (*Id.*) Mr. Savoy responded that Mr.

Vick's "opinion of needing an MRI does not supersede the decision of medical personnel." (*Id.* at 15-16).

Dr. McPhee saw Mr. Vick again on August 4, 2023. (*Id.* at 18). This time, Dr. McPhee allegedly pointed to a "sheet of paper" and said that Mr. Vick had never "had any surgery done on [his] shoulder." (*Id.*) Mr. Vick responded that he had undergone shoulder surgery at a hospital in Louisville, Kentucky. (*Id.* at 18-19). Mr. Vick subsequently filed grievances about this visit, asking to "see a real doctor outside of this facility." (*Id.* at 18-19). Mr. Bishop informed Mr. Vick that if he wished to "be seen by an outside doctor," he must submit a request in accordance with "the inmate handbook." (*Id.* at 20).

Mr. Vick alleges that the defendants "acted with malicious intent and showed a complete deliberate indifference" to his injuries. (*Id.* at 7). He seeks $150,000 in damages "per . . . defendant" and an injunction "allow[ing] him to see an outside physician [at] a hospital." (*Id.*)

The second amended complaint is deficient. Mr. Vick's claims for deliberate indifference to serious medical needs arise under the Due Process Clause of the Fourteenth Amendment. *Gilmore v. Hodges*, 738 F.3d 266, 271 (11th Cir. 2013). To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege facts showing "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). "A defendant is deliberately indifferent to a plaintiff's serious medical need when he (1) ha[s] subjective knowledge of a risk of serious harm; (2) disregard[s] that risk; and (3) act[s] with more than gross negligence." *Patel*, 969 F.3d at 1188.

Mr. Vick fails to allege facts showing that the defendants were deliberately indifferent to his medical needs. He does not plead a "complete denial" of medical care. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). To the contrary, Mr. Vick alleges that, over a two-month period, he saw a nurse once and Dr. McPhee twice, and that Dr. McPhee ordered X-rays of the injured parts of his body. (Doc. 8 at 14-18). Rather than alleging a complete denial of care, Mr. Vick claims that the treatment he has received is inadequate because (1) Dr. McPhee performed X-rays rather than MRIs and (2) prison staff have yet to schedule a visit with an outside doctor. (Doc. 8 at 15-16, 18).

These allegations do not state a claim for deliberate indifference to serious medical needs. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" is insufficient to state a constitutional violation. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Indeed, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability" under the Fourteenth Amendment. *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Because Mr. Vick alleges nothing more than a disagreement over matters of medical judgment, he fails to

state a plausible claim for deliberate indifference to serious medical needs. *See Culver v. Bayola, MD*, No. 18-12968-G, 2019 WL 3247159, at *1 (11th Cir. Feb. 19, 2019) ("[Plaintiff's] core contention that [the doctor] should have ordered an MRI was a disagreement in medical judgment, which did not rise to the level of [a constitutional violation]."); *Smith v. Lamour*, No. 2:14-cv-90-JES-MRM, 2016 WL 1047097, at *5 (M.D. Fla. Mar. 16, 2016) ("Plaintiff's personal belief that he should have been referred to an outside provider earlier . . . [is] not sufficient to demonstrate a claim of deliberate indifference."). For that reason, the second amended complaint must be dismissed.

Accordingly, it is **ORDERED** that:

1. Mr. Vick's second amended complaint (Doc. 8) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Vick wishes to amend, he shall file a third amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Vick should complete a new civil rights complaint form, titling it "Third Amended Complaint." The third amended complaint must include all of Mr. Vick's claims that he wishes to pursue and may not refer back to, or incorporate, the second amended complaint. The third amended complaint shall supersede the second amended complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The third amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Vick fails to file a third amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the second amended complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Vick must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Vick a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on November 6, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE