UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT VICK,

    Plaintiff,

v.                                                   Case No. 8:23-cv-1826-WFJ-NHA

K. DEKANY, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Robert Vick's third amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 18). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Vick has failed to state a viable § 1983 claim, he will be required to file a fourth amended complaint if he wishes to proceed with this action.

Mr. Vick, an inmate at the Hernando County Detention Center, sues Director of Medical Services K. DeKany, Assistant Director of Medical Services S. Bishop, Dr. McPhee, Registered Nurse Manager J. Savoy, and Jail Administrator Shaun Klucznik. (Doc. 18 at 2-4). Mr. Vick alleges that on May 6, 2023, he slipped in the shower and hurt his arms and shoulders. (*Id.* at 6). After his fall, Mr. Vick was put in a wheelchair and moved to a holding cell. (*Id.*) Ten minutes later, deputies took him to a hospital "where a CAT scan and X-rays were conducted." (*Id.*) Mr. Vick was told that "all X-rays were normal" and returned to the jail. (*Id.*) He subsequently "complained to medical" that his

"shoulder and elbow [were] still causing [him] pain and discomfort." (*Id.*) He also submitted multiple "sick call slip[s] asking for relief of pain and requesting an MRI." (*Id.*) On July 6, 2023, a doctor evaluated Mr. Vick and ordered additional X-rays, but he provided "no follow-up[] recommendations" or "treatment plans." (*Id.* at 23-24).

Mr. Vick allegedly suffered another injury on May 7, 2023, while he was "housed in the medical department . . . for observation." (*Id.* at 6-7). Mr. Vick "hit[]" the door of his cell because a deputy falsely claimed he had "already given" Mr. Vick his "dinner tray." (*Id.* at 7). As a result, Mr. Vick was "placed in a pro-stat chair for four hours." (*Id.*) Several days later, Mr. Vick told "another deputy" that he was experiencing a burning sensation in his "left upper outer thigh" as well as "shooting pain from [his] hip down to the outside of [his] ankle." (*Id.*) Mr. Vick saw a nurse, who had him "fill out a sick call" form. (*Id.*) He was then "evaluated and informed that nothing was wrong." (*Id.*) As of December 2023, Mr. Vick continued to "suffer from numbness," "pain," and "discomfort for lack of medical treatment." (*Id.*)

Mr. Vick claims he was injured a third time on June 21, 2023. (*Id.*) During this incident, Mr. Vick "stood up and faced the wall" while deputies searched his cell. (*Id.*) He then "blacked [] out due to low blood pressure" and suffered "head, neck, and shoulder trauma." (*Id.* at 7-8). Mr. Vick alleges that as of December 2023, he had yet to receive medical treatment for these injuries. (*Id.* at 8).

Mr. Vick sues the defendants in both their individual and official capacities. (*Id.* at 2-4). According to Mr. Vick, the defendants displayed "deliberate indifference to [his]

medical needs." (*Id.* at 29). As relief, he seeks $150,000 in compensatory and punitive damages as well as "access to medical records" relevant to this case. (*Id.* at 9).

The third amended complaint is deficient. To the extent that Mr. Vick sues each defendant in his official capacity, he fails to state a constitutional violation. A § 1983 claim against a state official in his official capacity is considered a claim against the government entity he serves. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state an official-capacity claim against each defendant, Mr. Vick must allege that "the moving force of the constitutional violation" was an official policy or custom. *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Mr. Vick alleges no facts suggesting that the denial of medical treatment in this case resulted from an official policy or custom. Therefore, the official-capacity claims against the defendants must be dismissed.

Mr. Vick's individual-capacity claims fare no better. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). Here, Mr. Vick fails to allege facts that connect the named defendants—S. Bishop, Dr. McPhee, J. Savoy, and Shaun Klucznik—to the alleged denial of medical treatment. This pleading deficiency deprives the defendants of fair notice of the

claims against them. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.") (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

The Court recognizes that Mr. Vick has submitted copies of grievances concerning the alleged denial of medical treatment. (Doc. 18 at 16-22, 27-28). It appears that some of the defendants responded to these grievances. (*Id.*) But Mr. Vick does not explain how the exhibits support his claims, nor do the grievance responses show that any defendant acted with "subjective deliberate indifference" to Mr. Vick's "serious medical need[s]." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). The Court cautions Mr. Vick that, although he may attach exhibits to his complaint, such exhibits "are not a substitute for making well pleaded allegations in the complaint itself." *McNeal v. Navy Fed. Credit Union*, No. 1:21-cv-02968-LMM-JCF, 2022 WL 2389279, at *3 (N.D. Ga. Feb. 1, 2022), *adopted by* 2022 WL 2389148 (N.D. Ga. Feb. 24, 2022); *see also Garza v. Salinas Valley State Prison*, No. CV 10-7658-VBF MAN, 2010 WL 5088738, at *3 (C.D. Cal. Dec. 8, 2010) ("[I]t is not the Court's responsibility to scour through plaintiff's exhibits to determine whether they contain a factual basis for a possible constitutional claim."). In other words, it is Mr. Vick's responsibility to set forth, with respect to each defendant, "a short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a).

For all these reasons, the third amended complaint must be dismissed. In light of Mr. Vick's *pro se* status, the Court will give him one final opportunity to amend his

complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, it is **ORDERED** that:

1. Mr. Vick's third amended complaint, (Doc. 18), is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Vick wishes to amend, he shall file a fourth amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Vick should complete a new civil rights complaint form, titling it "Fourth Amended Complaint." The fourth amended complaint must include all of Mr. Vick's claims that he wishes to pursue and may not refer back to, or incorporate, the third amended complaint. The fourth amended complaint shall supersede the third amended complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The fourth amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Vick fails to file a fourth amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the third amended complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time

becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Vick must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Vick a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on February 28, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE